**2022-1293, 2022-1294, 2022-1295, 2022-1296**

# United States Court of Appeals for the Federal Circuit

IN RE CELLECT LLC,

*Appellant.*

*On Petition for Rehearing En Banc*

**BRIEF FOR *AMICUS CURIAE* INTELLECTUAL PROPERTY OWNERS ASSOCIATION IN SUPPORT OF APPELLANT**

HENRY HADAD
*Chair, Amicus Brief Committee*
INTELLECTUAL PROPERTY OWNERS ASSOCIATION
C/O BRISTOL MYERS SQUIBB
Route 206 & Province Line Road
Princeton, New Jersey 08543
(609) 252-4825
henry.hadad@bms.com

SAMANTHA J. AGUAYO
*Deputy Executive Director and Chief Policy Counsel*
INTELLECTUAL PROPERTY OWNERS ASSOCIATION
1501 M Street N.W., Suite 1150
Washington, DC 20005
(202) 507-4500
samantha@ipo.org

PAUL H. BERGHOFF
*Counsel of Record*
MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
(312) 913–0001
berghoff@mbhb.com

*Counsel for Amicus Curiae, Intellectual Property Owners Association*

NOVEMBER 27, 2023

COUNSEL PRESS (800) 4-APPEAL • (325521)

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2022-1293, 2022-1294, 2022-1295, 2022-1296

**Short Case Caption** In Re Cellect LLC

**Filing Party/Entity** Intellectual Property Owners Association

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/27/2023

Signature: /s/ Paul H. Berghoff

Name: Paul H. Berghoff

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Intellectual Property Owners Association | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Paul H. Berghoff | | |
| McDonnell Boehnen Hulbert & Berghoff LLP | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below) ☐ No ☑ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

TABLE OF CONTENTS .......... i

TABLE OF AUTHORITIES .......... ii

INTEREST OF THE *AMICUS CURIAE* .......... 1

SUMMARY OF THE ARGUMENT .......... 2

ARGUMENT .......... 4

CONCLUSION .......... 8

# TABLE OF AUTHORITIES

## Cases

*Henry Schein, Inc. v. Archer & White Sales, Inc*, 139 S.Ct. 524 (2019) .................. 5

*In re Berg*, 140 F.3d 1428 (Fed. Cir. 1998) .................. 5

*In re: Cellect, LLC*, 81 F.4th 1216 (Fed. Cir. 2023) .................. 3, 4

*Novartis AG v. Ezra Ventures LLC*, 909 F.3d 1367 (Fed. Cir. 2018) .................. 5, 6

## Statutes

35 U.S.C. § 106 .................. 6

35 U.S.C. § 154 .................. 2, 3, 4, 6

35 U.S.C. § 156 .................. 5

## Other Authorities

H.R. 3309, 113th Cong. (2013) .................. 6

## INTEREST OF THE *AMICUS CURIAE*

*Amicus curiae* Intellectual Property Owners Association (IPO)[1] represents some of the most innovative companies in the United States. IPO's almost 200 corporate members develop, manufacture, and sell technology-based products in a wide range of industries. IPO is committed to serving the interests of all intellectual property owners in all industries and all fields of technology.[2]

IPO's corporate members invest tens of billions of dollars annually on research and development and employ hundreds of thousands of scientists, engineers, and others in the United States to develop, produce, and market innovative new products and services. To protect their inventions, IPO's members collectively hold tens of thousands of U.S. patents and account for a substantial portion of the patent applications filed every year at the United States Patent and Trademark Office (USPTO).

Because of the investment of its members, this case presents a question of substantial practical importance to IPO: namely, whether Congress's intent to

---

[1] Pursuant to Rule 37.6, *amicus* affirms that no counsel for a party authored this brief in whole or in part, nor has any counsel, party, or third person other than *amicus* or its counsel made any monetary contribution intended to fund the preparation or submission of this brief. Pursuant to Rule 37.2, counsel of record for all parties received notice of *amicus's* intent to file this brief at least ten days before the due date. The parties have consented to the filing of the brief.

[2] IPO procedures require approval of positions in briefs by a two-thirds majority of directors present and voting. The list of directors is attached to this brief.

extend the term of U.S. patents in which the Patent Office has delayed examination (as reflected in 35 U.S.C. § 154 of the patent statute), takes precedence over the judge-made doctrine of obviousness-type double patenting (ODP). IPO believes that the unambiguous language of Section 154 should trump any application of ODP. Therefore, IPO respectfully requests that this Court grant Appellant's petition for rehearing en banc and reverse or vacate the decision of the panel.[3]

## SUMMARY OF THE ARGUMENT

Section 154(b) of the Patent Act states that "if the issue of an original patent is delayed due to the failure of the Patent and Trademark Office . . . the term of the patent *shall be extended*." 35 U.S.C. § 154(b)(1)(A) (emphasis added). The statute could not be clearer. If the issuance of a patent is delayed based on any of the reasons listed in the statute, "the term of the patent *shall* be extended." *Id.* Such patent term adjustments (PTAs) are premised on the recognition by Congress that delays by the Patent Office unfairly limit the effective term of a patent because patent term is measured from the earliest application filing date.

Importantly, Congress was very clear in defining in the statutory text itself the limited role played by terminal disclaimers. "No patent the term of which has

[3] IPO takes no position concerning the validity of the patents at issue on grounds other than ODP.

been disclaimed beyond a specified date may be adjusted under this section beyond the expiration date specified in the disclaimer." 35 U.S.C. § 154(b)(2)(B). Thus, the filing of a terminal disclaimer is the sole exception authorized by Congress to its mandatory "shall be extended" directive in Section 154.

IPO believes that the panel committed legal error by starting with and focusing its analysis on the judge-made doctrine of ODP rather than the language of the statute. The panel *assumed* that ODP always applies and only briefly referred to the language of Section 154 after concluding that ODP invalidated Appellant's claims. *In re: Cellect, LLC*, 81 F.4th 1216 (Fed. Cir. 2023). Instead, the panel should have started (and ended) its analysis with the statute. Had the panel done so, it would have concluded that Appellant was entitled to the patent term adjustments it received because Appellant never filed a terminal disclaimer in any of the patents at issue.

IPO believes that if the panel's misinterpretation of the law is allowed to stand, valuable patent rights will be unfairly invalidated, thereby disincentivizing critical research investment. Patent owners are entitled to the entire patent term authorized by Congress, not a day less. But the panel, in effect, reduced the term of the patents at issue to zero, the opposite of the result intended by Congress.

Accordingly, IPO believes that the extension of a patent's term under Section 154(b) should not, as a matter of law, invalidate the claims of that patent

due to ODP. IPO respectfully requests that this Court grant Appellant's petition for rehearing en banc and reverse or vacate the panel's decision.

**ARGUMENT**

At issue are four patents owned by the Appellant, Cellect LLC, each of which had been granted a patent term adjustment under 35 U.S.C. § 154. Each of these patents was then rejected for ODP during reexamination based on an earlier Cellect patent that claimed the same effective filing date as the rejected patents. *See Cellect, LLC*, 81 F.4th at 1219–21. All of these patents would ordinarily have had the identical expiration date. But because the earlier Cellect patent had not had its term adjusted due to USPTO delay, its term ended before the terms of the rejected patents, all of which were given the benefit of some measure of patent term adjustment. Because none of the Cellect patents had been rejected on the basis of ODP during their original prosecution, no terminal disclaimers were ever filed.

The question presented here is whether the Board and the panel improperly relied on the "judge-made" doctrine of ODP to invalidate Appellant's term-extended patents. The Patent Act states that "if the issue of an original patent is delayed due to the failure of the Patent and Trademark Office . . . the term of the patent *shall be extended*." 35 U.S.C. § 154(b)(1)(A) (emphasis added). Congress

intended these patent term adjustments to be mandatory, not permissive. In effect, the panel has overruled the statute enacted by Congress based on a judge-made doctrine. This was legal error.

In 2019, the Supreme Court applied a traditional principle of statutory construction to the Federal Arbitration Act ("FAA") and determined that a judicially-created exception to an FAA provision could not stand: "[t]he short answer is that the [FAA] contains no [such] exception, and we may not engraft our own exceptions onto the statutory text." *Henry Schein, Inc. v. Archer & White Sales, Inc*, 139 S.Ct. 524, 530 (2019). *See also id.* at 531 ("Again, we may not rewrite the statute simply to accommodate [a recognized] policy concern."). The same result should apply here to ODP, a judicially-created exception to the patent statute.

This Court has described ODP as a judge-made doctrine that is intended to prevent extension of a patent beyond a statutory time limit. *In re Berg*, 140 F.3d 1428, 1431–32 (Fed. Cir. 1998) (internal citations omitted). Yet here, the panel's decision has prevented a statutorily-authorized term extension from taking effect. This Court has previously held that patent term extensions (PTEs) granted under 35 U.S.C. § 156 cannot be the basis of ODP invalidity. *Novartis AG v. Ezra Ventures LLC*, 909 F.3d 1367, 1375 (Fed. Cir. 2018). Indeed, in *Novartis v. Ezra*, this Court declined to hold "that a judge made doctrine would cut off a statutorily-

authorized time extension." *Id*. And yet that is precisely what the present panel has done, cut off a statutorily-authorized patent term adjustment based on a judge-made doctrine.

IPO believes that the Board's reliance on the "judge-made" doctrine of ODP is legal error and should be reversed. The statute is clear. When the USPTO delays the issuance of a patent as defined in the statute, "the term of the patent *shall* be extended." 35 U.S.C. § 154(b)(1)(A)(iv) (emphasis added). As it stands, the Board's ruling, as affirmed by the panel, allows a judge-made doctrine to trump the extension of patent term that Congress intended and then punishes the patent owner for receiving the patent term adjustment that Congress intended by invalidating the entire patent.[4]

IPO believes that if the panel's interpretation of the law were allowed to stand, valuable patent rights would be unfairly invalidated, which would in turn disincentivize companies from investing money and time in innovative research. Patent owners are entitled to their patent rights for the entirety of the term

---

[4] Though this issue has not been raised by Appellant, ODP appears to be inconsistent with both the Constitution and the patent statute. The policy basis underpinning this judicially-created exception disappeared when the United States went to a patent term of 20 years from effective filing date as part of the Uruguay Round Agreement Amendments. Furthermore, Congress has affirmatively chosen not to codify ODP, though proposals to do so have been made in the past. *See* The Innovation Act, H.R. 3309, 113th Cong. (2013) (also known as the Goodlatte bill), which would have codified obviousness-type double patenting as 35 U.S.C. § 106.

authorized by Congress. Instead, the Board's erroneous interpretation presents a dilemma for patent owners, a Catch-22 "gotcha". A patent owner may be entitled to a patent term adjustment under the statute, but according to the panel's interpretation, the Congressionally-authorized grant of patent term adjustment is a poison pill that invalidates the patent in its entirety. That cannot be right!

IPO believes there are harmful implications that arise from this improper application of ODP, as the panel's decision introduces uncertainty and instability in continuing application practice. If allowed to stand, the panel's decision risks the retroactive invalidation of many otherwise valid patents. This risk of invalidation potentially affects every patentee who files multiple applications sharing the same priority date, a common and longstanding practice that allows inventors to protect the full scope of their inventions.

## CONCLUSION

IPO believes that the panel's interpretation of the law is erroneous. Therefore, IPO respectfully requests that this Court grant Appellant's petition for rehearing en banc and reverse or vacate the panel's decision.

Respectfully submitted,

/s/ Paul H. Berghoff
Paul H. Berghoff
*Counsel of Record*
McDonnell Boehnen
Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913–0001

Henry Hadad
*Chair, Amicus Brief Committee*
Intellectual Property
Owners Association
c/o Bristol Myers Squibb
Route 206 & Province Line Road
Princeton, NJ 08543
(609) 252-4825

Samantha J. Aguayo
*Deputy Executive Director and*
*Chief Policy Counsel*
Intellectual Property
Owners Association
1501 M St. N.W., Suite 1150
Washington, D.C. 20005
(202) 507-4500

**Members of the Board of Directors**
**Intellectual Property Owners Association**

Steve Akerley
InterDigital Holdings, Inc.

Brett Alten
Hewlett Packard Enterprise

Matthew Anderson
Medtronic, Inc.

Ronald Antush
Nokia of Americas Corp.

Estelle Bakun
Exxon Mobil Corp.

Scott Barker
Micron Technology, Inc.

Thomas R. Beall
Corning Incorporated

Tyrome Brown
Dolby Laboratories

John J. Cheek
Tenneco Inc.

Karen Cochran
Shell Oil Company

Tonya Combs
Eli Lilly and Co.

Buckmaster de Wolf
General Electric Co.

Anthony DiBartolomeo
SAP SE

Robert Earle
Ericsson

Daniel Enebo
Cargill, Inc.

Matthew Fitzpatrick
Procter & Gamble Co.

Yen Florczak
3M Innovative Properties Co.

Louis Foreman
Enventys

Scott M. Frank
AT&T

Darryl P. Frickey
Dow Chemical Co.

Gary C. Ganzi
Evoqua Water Technologies, LLC

Tanuja Garde
The Boeing Co.

Mike Geise
General Mills, Inc.

Robert Giles
Qualcomm Inc.

Laura Ginkel
Merck & Co.

Krish Gupta
Dell Technologies

Henry Hadad
Bristol-Myers Squibb Co.

Thomas R. Kingsbury
Bridgestone Americas, Inc.

Laurie Kowalsky
Koninklijke Philips N.V.

Aseem Mehta
Bayer Intellectual Property GmbH

Kelsey L. Milman
Caterpillar Inc.

Jeffrey Myers
Apple Inc.

Robin Nava
SLB

Troy Prince
Raytheon Technologies

Kaveh Rashidi-Yazd
Eaton Corporation

KaRan Reed
BP America, Inc.

Corey Salsberg
Novartis

Paul Saraceni
Nike, Inc.

Matthew Sarboraria
Oracle USA Inc.

Derek Scott
Roche, Inc.

Laura Sheridan
Google Inc.

Jessica Sinnott
DuPont

Thomas Smith
GlaxoSmithKline

Daniel Staudt
Siemens Corp.

Gillian Thackray
Thermo Fisher Scientific Inc.

Brian Tomko
Johnson & Johnson

Phyllis Turner-Brim
HP Inc.

Mark Vallone
IBM Corp.

Stuart L. Watt
Amgen, Inc.

Bryan Zielinski
Pfizer Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2022-1293, 2022-1294, 2022-1295, 2022-1296

**Short Case Caption:** In Re Cellect LLC

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- [x] the filing has been prepared using a proportionally-spaced typeface and includes 1,657 words.

- [ ] the filing has been prepared using a monospaced typeface and includes ________ lines of text.

- [ ] the filing contains ________ pages / ________ words / ________ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. ________).

Date: 11/27/2023

Signature: /s/ Paul H. Berghoff

Name: Paul H. Berghoff

Save for Filing